**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**Ervin C. Caldwell,**
**Claimant Below, Petitioner**

**v.)**     **No. 24-121**  (JCN: 2020016417)
                        (ICA No. 23-ICA-347)

**Health Team Critical Care Transport, LLC,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**


Petitioner Ervin C. Caldwell appeals the December 27, 2023, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Caldwell v. Health Team Critical Care Transp., LLC*, No. 23-ICA-347, 2023 WL 8931615 (W.Va. Ct. App. Dec. 27, 2023) (memorandum decision). Respondent Health Team Critical Care Transport, LLC filed a response.[1] The issue on appeal is whether the ICA erred in affirming the July 5, 2023, decision of the West Virginia Workers' Compensation Board of Review, which affirmed the claim administrator's closure of the claim for temporary total disability benefits ("TTD benefits") and denial of authorization for sacroiliac injections and additional physical therapy.

While the claimant argues that the ICA failed to address his argument that the initial suspension of TTD benefits was procedurally deficient, the claimant does not challenge the ICA's finding that his arguments were "convoluted." *Id.* at *2. The main ground the claimant relies upon to attack the Board of Review's affirmation of the claim's closure for TTD benefits and the denial of authorization for medical treatment regarding sacroiliitis is his argument that during the early administration of the claim, the claim administrator treated sacroiliitis as if it were a compensable component of the claim. The claimant concedes that the claim administrator never held that sacroiliitis constituted a compensable condition but argues that, prior to the COVID-19 pandemic, the claim administrator authorized treatment for sacroiliitis that was never carried out due to the pandemic. The employer counters that any previous treatment in the claim regarding sacroiliitis was authorized pursuant to West Virginia Code of State Rules § 85-20-21 ("Treatment of unrelated conditions"), which provides that treatment may be authorized for a non-compensable condition if that non-compensable condition is preventing the claimant's recovery from the compensable injury. Therefore, as the claimant achieved maximum medical improvement regarding the

---

[1] The claimant is represented by counsel James D. McQueen, Jr., and the employer is represented by counsel Jane Ann Pancake and Jeffery B. Brannon.

compensable lumbar strain, the employer argues that the ICA properly affirmed the Board's affirmation of the claim's closure for TTD benefits and the denial of authorization for sacroiliac injections and additional physical therapy.[2]

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: February 11, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[2] Because authorization was not granted through workers' compensation, the claimant obtained Medicaid coverage for sacroiliac injections and additional physical therapy.